1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
8      WESTERN DISTRICT OF WASHINGTON
AT TACOMA
9

10   DONALD ISAAC JOHNSON,

CASE NO. C13-5008 RBL-JRC
11                    Petitioner,

ORDER TO AMEND THE PETITION
12         v.

13   MONROE CORRECTIONAL COMPLEX
SOU, et al.,
14
Respondents.
15

16         The District Court has referred this petition for a writ of habeas corpus to United States

17   Magistrate Judge, J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. §

18   636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner seeks relief

19   from a state conviction. Petitioner filed the petition pursuant to 28 U.S.C. § 2254.

20         The Court has reviewed the petition and has found two defects. Petitioner names an

21   improper respondent and petitioner does not show that he has exhausted his only claim in state

22   court.

23         Petitioner names the prison where he is housed as a respondent. The proper respondent is

24   "the person having custody of the person detained." 28 U.S.C. § 2243. Petitioner needs to name a

1  natural person -- not a governmental entity such as a prison or the state.  The proper respondent

2  is the person having custody of petitioner.  28 U.S.C. § 2242.  This person is usually the

3  superintendent of the facility in which petitioner is incarcerated.  Petitioner's failure to name the

4  correct party deprives this Court of personal jurisdiction.  *See Stanley v. California Supreme*

5  *Court*, 21 F.3d 359, 360 (9th Cir. 1994).

6        Petitioner also fails to show that he has exhausted his state remedies. A state prisoner

7  seeking habeas corpus relief in federal court must exhaust available state relief prior to filing a

8  petition in federal court. The Court must determine whether or not petitioner has properly

9  presented the federal habeas claims to the state courts. 28 U.S.C. § 2254(b)(1) states, in pertinent

10  part:

11        (b)(1) An application for a writ of habeas corpus on behalf of a person in custody
          pursuant to the judgment of a state court shall not be granted unless it appears
12        that:
          A) the applicant has exhausted the remedies available in the courts of the state; or
13        (B)(i) there is an absence of available state corrective process; or
          (ii) circumstances exist that render such process ineffective to protect the rights of
14        the applicant.

15        To exhaust state remedies, petitioner's claims must have been fairly presented to the

16  state's highest court.  *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Middleton v. Cupp*, 768 F.2d

17  1083, 1086 (9th Cir. 1985) (petitioner "fairly presented" the claim to the state Supreme Court

18  even though the state court did not reach the argument on the merits).

19        A federal habeas petitioner must provide the state courts with a fair opportunity to correct

20  alleged violations of federal rights.  *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*citing Picard*,

21  404 U.S. at 275).  Petitioner must have exhausted the claim at every level of appeal in the state

22  courts. *Ortberg v. Moody*, 961 F.2d 135, 138 (9th Cir. 1992).  It is not enough that all the facts

23  necessary to support the federal claim were before the state courts or that a somewhat similar

24

ORDER TO AMEND THE PETITION - 2

state law claim was made. *Duncan*, 513 U.S. at 365-66 (*citing Picard*, 404 U.S. at 275 *and*

*Anderson v. Harless*, 459 U.S. 4 (1982)). Petitioner must present the claims to the state's highest

court, even if such review is discretionary. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999);

Larche v. Simons, 53 F.3d 1068, 1071 (9th Cir. 1995).  "An applicant shall not be deemed to

have exhausted the remedies available in the courts of the State, within the meaning of this

section, if he has the right under the law of the State to raise, by any available procedure, the

question presented." 28 USCA § 2254(c).

Petitioner must present the claims to the state's highest court based on the same federal

legal theory and factual basis as the claims are subsequently asserted in the habeas petition.

*Hudson v. Rushen*, 686 F.2d 826, 830 (9th Cir. 1982), *cert denied* 461 U.S. 916 (1983); *Shiers v.

California*, 333 F.2d 173, 176 (9th Cir. 1964) (petitioner failed to exhaust the claim that the state

trial court improperly admitted evidence because petitioner never presented such a claim to the

state court). Specifically, petitioner must apprise the state court that an alleged error is not only a

violation of state law, but a violation of the Constitution. *Duncan v. Henry*, 513 U.S. 364, 365-66

(1995). Vague references to broad constitutional principles such as due process, equal protection,

or a fair trial are not enough. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Gatlin v. Madding*,

189 F.3d 882, 888 (9th Cir. 1999), *cert. denied*, 528 U.S. 1087 (2000) (petitioner's statement that

the state court's cumulative errors denied him a fair trial was insufficient to specifically articulate

a violation of a federal constitutional guarantee); *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir.

1999).  Petitioner must include reference to a specific federal constitutional guarantee, as well as

a statement of the facts that entitle petitioner to relief.  *Gray v. Netherland*, 518 U.S. at 162-63.

Petitioner may be able to cure the defects in his petition by filing an amended petition.

Petitioner will need to explain to the Court why he has not exhausted the claim if the claim is not

1   exhausted. The Court orders petitioner to file an amended petition curing the defects outlined

2   above. The amended petition will be due in Court on or before February 22, 2013. Petitioner's

3   failure to file a proper amended petition, or failure to cure the defects in the petition, may result

4   in the Court issuing a Report and Recommendation that this petition be dismissed.

5          Dated this 17th day of January, 2013.

6

7

8                                                J. Richard Creatura
                                                 United States Magistrate Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER TO AMEND THE PETITION - 4