UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DONALD ISAAC JOHNSON,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>MONROE CORRECTIONAL COMPLEX SOU,<br><br>　　　　　Respondent. | CASE NO. C13-5008 RBL-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR:<br>MAY 10, 2013 |

　　The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge, J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner filed the petition pursuant to 28 U.S.C. § 2254.

　　The Court recommends dismissal of the petition for lack of jurisdiction. Petitioner does not name a proper respondent. The Court gave petitioner the opportunity to correct this defect, but he has failed to name a proper respondent. Accordingly, the Court recommends dismissal of the petition for lack of personal jurisdiction.

1    Petitioner filed a petition in January of 2013 (ECF No. 1). Petitioner named only the

2 prison where he is housed and not the superintendent of the facility (ECF No. 1). On January 16,

3 2013, the Court entered an order to amend the petition (ECF No. 7)  The Court entered this order

4 because petitioner had failed to name a proper respondent, and because petitioner failed to show

5 that the issues he was raising were exhausted (ECF No. 7). The Court stated:

> Petitioner names the prison where he is housed as a respondent. The proper respondent is "the person having custody of the person detained." 28 U.S.C. § 2243. Petitioner needs to name a natural person -- not a governmental entity such as a prison or the state. The proper respondent is the person having custody of petitioner. 28 U.S.C. § 2242. This person is usually the superintendent of the facility in which petitioner is incarcerated. Petitioner's failure to name the correct party deprives this Court of personal jurisdiction. *See Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994).

11    The Court's January 16, 2013, order was returned as undeliverable (ECF No. 8).

12 Petitioner had not provided an updated address. In fact, petitioner had been moved to federal

13 custody and was at the federal detention center, but this Court had no way of knowing that fact.

14 The Court then sent a second order giving petitioner more time to comply (ECF No. 10). This

15 order told petitioner to name a proper respondent and show that his grounds for review were

16 exhausted (ECF No. 10).

17    Petitioner has filed an amended petition and again, he does not name a proper respondent

18 (ECF No. 12). The Court has given petitioner almost four months to cure the defects in his

19 original filing. The Court still does not have a proper respondent before it. Petitioner's failure to

20 name the correct party deprives this Court of personal jurisdiction. *See Stanley v. California

21 Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). The Court recommends that the petition be

22 dismissed.

1 | Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
2 | fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.
3 | 6. Failure to file objections will result in a waiver of those objections for purposes of de novo
4 | review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit
5 | imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on May
6 | 10, 2013, as noted in the caption.

7 | Dated this 12th day of April, 2013.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3